MOTION.

## Gaithers *vs* Brown *et al.*

APPEAL FROM THE NELSON COUNTY COURT.

Case 24.                    *Division of land.    Jurisdiction.*

September 30.    CHIEF JUSTICE EWING delivered the opinion of the Court.

Case stated.

THIS was a motion in the County Court, to appoint three Commissioners to divide among his heirs, the lands descended from George W. Gaither, deceased. There were six heirs, the plantiff, G. A. Gaither and four others. One of the four had sold and conveyed her undivided one sixth to Geo. A. Gaither, and two others had conveyed their parcel to George G. Gaither, so that G. A. Gaither held one sixth as tenant in common with the heirs and one sixth as parcener, and George G. Gaither held two sixths as tenant in common.

The statute of 1810, (2 *St. Law,* 1071,) applies only to, and authorizes the County Court to divide lands between parceners and not to cases where part is held as tenant in common and part in parcenary, and the County Court has no jurisdiction in the latter case.

The proceeding is obviously under the statute of 1811, (2 *Stat. Laws,* 1071, and intended so to be. That statute it is clear, does not authorize the proceeding. It applies only to a case where lands have descended and are held in parcenary, and makes no provision for a case where the lands are held in part as tenants in common and in part as tenants in parcenary. And the jurisdiction conferred on the County Court being special and limited, cannot, by construction, be carried beyond the case expressly provided for.

The *heirs*, or any one of them, are alone authorized to make the motion for the appointment of *three* Commissioners to make partition of all the real estate *descended* in *parcenary*, among them as *parceners*. No power is given to the Commissioners or the Court, to adjudicate upon the interests held by others or to make partition in such a case.

Though the motion is made by those who held as tenants in common, in part, and who now ask the reversal of the order and proceeding, that can make no difference. If the County Court had no jurisdiction to make the partition, it can have no binding efficacy upon any of the parties. It must be mutually binding upon all, so as to pass the title of each to the other, or cannot be binding upon any.

But if the County Court could exercise jurisdiction in the case, it should surely be governed by those rules of equity by which a Court of equity would be governed in making partition, namely : to allot the parcels of each together, or as near as may be, without doing injustice to others, and should not, as they have done in this case, with respect to the two shares of each of the plaintiffs, separate and allot each share in distinct parcels, remote from each other. Such an allotment is calculated to do manifest injustice to the plaintiffs, without benefit to those who held a single share.

The order of the County Court is reversed, and cause remanded, that the partition may be set aside and the motion for the same dismissed at the costs of the plaintiffs below; and the costs of this Court are divided.

*B. Hardin* for appellants; *Harlan & Craddock, Hewitt and Morehead & Reed* for appellees.

The heirs or some one of them holding lands in parcenary, are authorized to make a motion to the County Court for the appointment of Comm'rs. under the statute 1810.

The chancellor in dividing lands among tenants in common, or parceners, will consult the interest of all, without prejudice to any, and lay off the part or portion to which each is entitled adjoining and in convenient form.